**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4088**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTOIN GARRISON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:11-cr-00688-CCB-1)

Submitted: April 30, 2015        Decided: May 13, 2015

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, P.C., Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Matthew K. Hoff, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoin Garrison was found guilty on all five counts of a superseding indictment: possession of ammunition by a convicted person, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 1); possession of a firearm by a convicted person, in violation of 18 U.S.C. § 922(g)(1) (Counts 2 & 4); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 3); and possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count 5). The district court sentenced Garrison to concurrent terms of 180 months of imprisonment on Counts 1-4, and to a consecutive sentence of 60 months of imprisonment on Count 5, for a total sentence of 240 months.

Garrison appeals raising four issues, asking whether: (1) the district court properly denied his motion for judgment of acquittal as to Count 5; (2) the district court properly exercised its discretion in denying his request to continue the trial; (3) the district court properly denied the defendant's request for an entrapment jury instruction; and (4) the district court correctly counted his prior 1984 conviction for robbery with a deadly weapon as a qualifying predicate offense for purposes of enhancing his sentence under the Armed Career Criminal Act ("ACCA"). For the reasons that follow, we affirm.

Garrison argues that the Government failed to show the guns he possessed were in furtherance of his drug trafficking crimes as required in Count 5. We review the denial of a motion for acquittal de novo, United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), and where, as here, the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Reviewing the evidence as required, we find that the jury was entitled to find that the firearms Garrison possessed were in furtherance of his drug trafficking crimes.

The determination of whether a continuance is justified is left to the sound discretion of the trial court and that discretion only exceeds its constitutional bounds when it is exercised to deny a continuance on the basis of an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation omitted). The district court adequately explored Garrison's grounds for seeking a continuance and determined that defense counsel was ready to proceed. We also note that Garrison sought the continuance on the day of trial. See United States v. Larouche, 896 F.2d 815, 824 (4th Cir. 1990) (noting that the later a motion for a continuance is

3

made, the more likely it is made for dilatory tactics and thus the less likely that the district court arbitrarily denied the continuance).

Next, Garrison alleges that the district court erred by failing to give the jury his requested entrapment instruction. Entrapment occurs when (1) the government induces a person to commit a crime, and (2) the person induced had no predisposition to engage in the criminal act. United States v. Sarihifard, 155 F.3d 301, 308 (4th Cir. 1998); see Mathews v. United States, 485 U.S. 58, 62-63 (1988)). We have repeatedly held that "solicitation of the crime alone is not sufficient to grant the instruction, as that 'is not the kind of conduct that would persuade an otherwise innocent person to commit a crime.'" United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006) (quoting United States v. Hsu, 364 F.3d 192, 200 (4th Cir. 2004)). We find no reversible error in the district court's refusal to give an entrapment instruction. See United States v. Phan, 121 F.3d 149, 154 (4th Cir. 1997) (providing de novo review standard).

In his final argument, Garrison contends that his juvenile conviction for robbery with a dangerous weapon was not a proper predicate offense for his ACCA enhancement because the documents used to establish the conviction are insufficient under the Supreme Court's decision in Shepard v. United States, 544 U.S.

4

13, 26 (1995). We find that the documents relied upon by the district court were sufficient. Applying a "categorical" approach, id. at 20-21; Taylor v. United States, 495 U.S. 575, 600 (1990), the district court correctly looked to the fact of Garrison's prior conviction (and the statutory definition of the prior offense), which was supported by record documents. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

Accordingly, we affirm Garrison's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED